**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

---

In Re:  Joos Electric Co., Inc.,                    Bky. No. 10-30684 (GFK)
                                                    Chapter 11 case
                    Debtor.

---

### NOTICE OF HEARING(S) AND  MOTION(S) FOR INTERIM AND FINAL ORDERS AUTHORIZING USE OF CASH COLLATERAL AND FOR EXPEDITED HEARING ON  INTERIM  ORDER

---

TO:    United States Trustee, Internal Revenue Service, Minnesota Department of Revenue, and Other Parties in Interest, as specified in Local Rule 9013-3.

    **COMES NOW,** Joos Electric Co., Inc., (Debtor), and, by and through its undersigned attorney, brings the instant Motions, and gives notice herewith.

### *PRELIMINARY HEARING*

    1. The Court will hold a hearing on this *Preliminary Motion for Expedited Relief*  before Judge Gregory F. Kishel, at 10 :00 am, or as soon thereafter as counsel may be heard, on February 10, 2010, in Courtroom 2A, U.S. Courthouse, 316 North Robert Street, St. Paul, MN.

    2. Any response to the preliminary motion for expedited relief must be filed and delivered not later than February 9, 2010, which is 24 hours before the time set for the hearing.

### *FINAL HEARING*

    3. A *final hearing* on the Debtor's motion for the use of cash collateral is set for March 2, 2010, at 11:00am, in the same location.

    4. Any response to the motion for a  *final* order authorizing the use of cash collateral must be filed and delivered not later than three days before the date and time of the hearing,(not including

Saturdays, Sundays and holidays) or filed and served by mail not later than seven (7) business days before the date set for the final hearing, (not including Saturdays, Sundays and holidays).

**UNLESS A RESPONSE OPPOSING THE MOTION IS TIMELY FILED, THE COURT MAY GRANT THE RELIEF REQUESTED WITHOUT A HEARING IN ACCORDANCE WITH LOCAL RULE 9013-2(f).**

5. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. Sections 157 and 1334, Rule 5005 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), and Local Rule 1070-1. This is a core proceeding. The voluntary Petition commencing this case was filed on February 2, 2010, the ("Filing Date"). This case is now pending in this Court.

6. This Motion arises under 11 U.S.C. §363(c)(2), and Bankruptcy Rules 2002, 4001(b) and 9014. This motion is filed under Local Rules 2002-1, 2002-4(a), 4001-1, 4001-2, 9013-1, 9013-2, and 9013-3.

7. Debtor requests an order of this court authorizing its use of cash collateral on an expedited and interim basis, in order to continue to operate its business. Without the use of such funds, Debtor will not be able to meet its payroll obligations or pay its necessary operating expenses; therefore its stakeholders, including all creditors will be irreparably harmed.

8. By these motions, Debtor requests authorization to use cash collateral, on an interim basis through February 26, 2010. At the final hearing on the motion to use cash collateral, Debtor seeks authorization to use cash collateral through June 26, 2010.

9. In the event that a stipulation is reached prior to either the expedited hearing or the final hearing, the Debtor will seek approval of the stipulation without further notice or hearing pursuant

to Bankruptcy Rule 4001(d)(4), and **DEBTOR HEREBY GIVES NOTICE OF INTENT TO SEEK APPROVAL OF ANY SUCH STIPULATION.**

### Facts Regarding Secured Creditors

10**.** The Debtor's assets are subject to a security interest, with a first priority position, in favor of Associated Bank. It is believed at this time that Associated Bank River is owed approximately $150,000.00, and Debtor values its assets, subject to this lien at approximately $540,000.00. As a result, Debtor asserts that Associated Bank is over secured.

11. In addition to Associated Bank, there are also tax liens filed by the Internal Revenue Service and the Minnesota Department of Revenue. Taken together, these liens are not expected to exceed $220,000. As a result, these creditors, are also over-secured.

### Facts Regarding Collateral Values and Cash Needs

12. The president of the Debtor has prepared an Unsworn Declaration (the Debtor's Declaration). A copy of the Debtor's Declaration is attached hereto as Exhibit A. Exhibits 1, and 2, and 3A and B, attached thereto, contain the following information:

(a) Debtor's calculation of the amount of debt secured by the collateral; (Exhibit 1);

(b) Debtor's description of the collateral and estimate of the value of the collateral on the date of the filing of the Petition and the beginning of the period of time for which the debtor currently seeks authorization to use cash collateral; (Exhibit 2);

(c) the Debtor's description of the collateral and the value of the collateral at the end of the period of time for which the debtor currently seeks authorization to use cash collateral; (Exhibit 2); and

(d) the Debtor's cash flow projections. (Exhibit 3 A and B).

13. Debtor's cash needs for the immediate 21 day period are set forth on Exhibit 2, attached to the Debtor's Declaration. Only those items and expenditures that are necessary to avoid immediate and irreparable harm to the estate are set forth on Exhibit 2.

12. Debtor's cash needs for the period February 3, 2010, through June 26, 2010 are set forth on Exhibit 3 A and B to the Debtor's Declaration.

13. Debtor needs the use of the cash collateral to meet its operating expenses.

14. Debtor will suffer immediate and irreparable harm if it is unable to use cash collateral. For example, if Debtor is unable to pay wages, fuel, and replace inventory, Debtor is effectively shut down. Accordingly, Debtor requests that this matter be heard on an expedited basis.

**Offer of Adequate Protection**

15. Debtor offers to Associated Bank, the Internal Revenue Service and the Minnesota Department of Revenue, (collectively, the "Secured Creditors") as and for adequate protection, the following:

  a. A grant of replacement liens in cash collateral, to the extent actually used, in post petition created assets having the same order, dignity and priority as any such valid pre-petition lien;

  b. Debtor will further adequately protect the interests of the Secured Creditors by continuing insurance coverage for all assets; and

  c. Debtor will further adequately protect the interests of the Secured Creditors by continuing operations and generating replacement cash collateral.

4

      d.   Debtor will continue to make the regularly scheduled payment to Associated Bank.

18. This Motion is based on the Debtor's Declaration, and is accompanied by a proposed order, memorandum and proof of service.

19. Pursuant to Local Rule 9013-2, Debtor hereby gives notice that it may, if necessary call Ms. Sue Joos, President of the Debtor, whose business address is 3010 Lunar Lane, Eagan, MN, to testify regarding the facts relevant to this motion.

**WHEREFORE**, Debtor moves this court for its Order:

(a) Granting the Debtor's motion for an expedited hearing;

(b) Authorizing Debtor's interim use of cash collateral pending final hearing;

(c) Authorizing the use of cash collateral; and

(d) Granting such other and further relief as the court deems just and proper.


Dated: February 5, 2010          By: _/e/ William A. Vincent_____

                         William A. Vincent, P.A.
                         William A. Vincent
                         Attorney Regis. No.: 20836X
                         17736 Excelsior Boulevard
                         Minnetonka, Minnesota 55345
                         Telephone: (952) 401-8880
                         Facsimile: (952) 401-8889

# VERIFICATION

I, Sue Joos, President of the Debtor herein, declare under penalty of perjury that the facts contained in the foregoing Notice of Hearing and Motion(s) for Expedited Hearing; for Order Authorizing Interim Use of Cash Collateral pending Final Hearing; and for Order Authorizing Use of Cash Collateral are true and correct, to the best of my knowledge, information and belief.

Dated: February 5, 2010          _____

                                             Sue Joos

---

In Re:  Joos Electric Co., Inc.,                    Bky. No. 10-30684 (GFK)
                                                                    Chapter 11 case

                         Debtor.

---

## MEMORANDUM OF LAW

---

Joos Electric Co., Inc., (Debtor) submits this Memorandum of Law in  support of its Motion(s) for Expedited Hearing; for Order Authorizing Interim Use of Cash Collateral pending Final Hearing; and for Order Authorizing use of Cash Collateral.

### STATEMENT OF FACTS

Debtor relies on the statement of facts contained in the motion and in the Unsworn Declaration of Debtor ("Debtor's Declaration"), and incorporates the same herewith.

### STATEMENT OF LAW AND DISCUSSION

#### A. Expedited Hearing

Bankruptcy Rule 9006 (d) provides that a written motion and notice of any hearing shall be served not later than five days before the time specified for such hearing.  Local Rule 9006–1(a) provides that moving papers shall be delivered not later than ten days, including weekends and legal holidays, or mailed not later than fourteen days before the hearing date.

Bankruptcy rule 4001(b) provides that a motion for authorization to use cash collateral shall be made in accordance with Bankruptcy Rule 9014.  Bankruptcy Rule 4001(b)(2) provides that the court may commence a final hearing on a motion for authorization use cash collateral delayed no earlier than 15 days after service of the motion, but that if the motion so requests, the court may conduct a preliminary hearing before such fifteen day expires.  Rule 4001(b)(2) further provides that

the court may authorize the use only of that amount of cash collateral as is necessary to avoid immediate and irreparable harm to the estate pending a final hearing.

Bankruptcy rule 9006(c) provides that the court, for cause shown may order a notice period reduced. Local Rule 9006–1(d) provides that if expedited relief is necessary, the party shall request an expedited hearing and shall take all reasonable steps to provide all parties with the most expeditious service and notice that is possible, and shall file an affidavit specifying the efforts made.

Cause exists to grant Debtor an expedited hearing on the motion. The cause for granting an expedited hearing includes the factors and considerations discussed herein. Debtor's bankruptcy estate will suffer immediate and irreparable harm if it is unable to use cash collateral. Debtor requires the immediate use of cash to keep its business functioning until a final order authorizing use of cash collateral and granting of adequate protection to its secured creditors in order to avoid irreparable harm to its business.

### B. Cash Collateral

Section 363 (c)(2) of the Bankruptcy Code provides that a debtor in possession may use cash collateral only with the secured creditor's consent, or if the court, after notice and a hearing so orders. Section 363(b) of the Bankruptcy Code further provides that the court must provide the secured creditor with adequate protection of its interest, upon request of that creditor. The 8th Circuit Court of Appeals has reasoned that:

In any given case, the bankruptcy court must necessarily (1) establish the value of the secured creditor's interest, (2) identify the risks to the secured creditors value resulting from the debtors request for use of cash collateral, and (3) determine whether the debtors adequate protection proposal protects values as nearly is possible against risks to that value consistent with the concept of indubitable equivalence.

*In re Martin*, 761 F.2d 472, 476–77 (8th Cir. 1985).

Pursuant to *Martin*, the first step is determining the value of the respective interests in the cash collateral of the secured creditors. Debtor has as secured creditors, the Associated Bank, the Internal Revenue Service, ("IRS") and the Minnesota Department of Revenue,("MNDOR") , (collectively, the Secured Creditors"). Associated Bank is believed to hold a claim against the collateral of $150,000.00, the IRS is believed to hold a claim against the collateral of approximately $125,000.00, and the MNDOR is believed to hold a claim against the collateral of $95,000.00. Taken together, these apparent claims total $370,000.00. Debtor values its cash collateral items, as of the filing date, at $540,680.00. As a result, Debtor submits that all Secured Creditors are over-secured.

Under the Martin Analysis, the second consideration is an analysis of the risk to the secured creditors interests in the cash collateral resulting from Debtor's use of that collateral. The most apparent risk in this case is that Debtor's use of the cash collateral will not generate sufficient post petition collateral to replace the collateral so used. Debtor has set forth in the Debtor's Declaration how the value of the assets will change, if at all, between the filing date and the date through which debtor seeks authorization to use the cash collateral. Debtor has further set forth in the Debtors

Declaration the debtors cash flow projections detailing the debtors projections of its operations, both from a cash in, and a cash out basis. Pursuant to Debtors projections, the collateral positions of the Secured Creditors does not adversely change in a material way during the period of the proposed use of the cash collateral.

The third analysis to be undertaken, pursuant to the Martin analysis, is to determine whether Debtor's offer of adequate protection protects, to the extent possible, the interests of the secured creditors claims to the cash collateral. Debtor offers the Secured Creditors as adequate protection of their respective interests, (a) a post petition lien on the Debtors post petition accounts receivable and inventory to the extent of the Debtors actual use of such collateral. Such replacement liens will have the same dignity, priority and effect as the pre-petition liens currently held by the Secured Creditors; (b) maintaining and continuing insurance on the inventory and other assets; and (c) continuing to operate business and generating replacement collateral.

Debtor asserts that the foregoing will adequately protect the respective interests of the Secured Creditors in the cash collateral.

The court should grant motion of the Debtor authorizing the use of cash collateral. Debtor has an immediate need to use cash collateral in which the Secured Creditors claim an interest. Debtors use of cash collateral during the pendency of this case poses a minimal risk to the interests of the Secured Creditors. The Secured Creditors will be adequately protected by the granting of a post petition lien with the same status, dignity and priority as existed in the cash collateral prior to the filing of the debtors petition, by the carrying of insurance on all of the assets of the enterprise, and by continuing to operate and generate replacement cash collateral.

Debtor requests an order authorizing interim and final use of cash collateral so that the Debtor may meet the ordinary expenses of operation in the debtors business, in accordance with budget and cash flow projections attached to the Debtors declaration.

## CONCLUSION

For the foregoing reasons, the court should approve the Debtors request for an expedited hearing, approve the debtors request for the interim use of cash collateral, and approve the use of cash collateral, and offer of adequate protection.

Dated: February 5, 2010            Respectfully Submitted,

WILLIAM A, VINCENT, P.A.

*/e/ William A. Vincent*
By: William A. Vincent (No.: 20836X)
17736 Excelsior Boulevard
Minnetonka, Minnesota 55345
Tel: 952-401-8880
Fax: 952-401-8889
Email: wavpatax@aol.com

Attorneys for the Debtor

Joos Electric Co., Inc.

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

---

In Re:  Joos Electric Co., Inc.,                    Bky. No. 10-30684 (GFK)
                                                     Chapter 11 case
                        Debtor.

---

## UNSWORN DECLARATION OF DEBTOR

---

1. I am the president and chief operating officer of the Debtor in the above referenced bankruptcy case.  I make this unsworn declaration in support of the Debtor's motion for expedited hearing; for order authorizing interim use of cash collateral pending final hearing; and for order authorizing use of cash collateral ("Motion").

2. I am familiar with debtor's assets, debts and operations. The Debtor's assets are secured by a security agreement, in favor of Associated Bank. Associated Bank is owed approximately $150,000.00.

3. There are also liens filed by the Internal Revenue Service, ("IRS"), and the Minnesota Department of Revenue, ("MNDOR"). The amount owed to the IRS is approximately $125,000.00, and the amount owed to the MNDOR is believed to be $95,000.00.

4. Debtor has prepared and hereby submits the following information:

    a. Debtor's calculation of the amount of debt secured by the collateral; (Exh. 1).

    b.  Debtor's description of the collateral, and the value of the collateral on the date of the filing of the Petition and the beginning of the period of time for which the debtor seeks authorization to use cash collateral; (Exh. 2)

    c. Debtor's description of the collateral and the value of the collateral at the

end of the period of time for which the Debtor currently seeks authorization to use cash collateral, (Exh. 2) and,

d. Debtor's cash flow projections. (Exh.3, A-B).

5. Debtor needs the use of cash collateral to meet its normal operating expenses.

6. For the 21 day interim period, the Debtor requires cash for the items and in the amount specified on the attached Exhibit 3-A. Exhibit 3-A contains only those items and those amounts as are necessary to avoid immediate and irreparable harm to the estate, pending a final hearing.

7. For the period commencing after the 21 day interim period, Debtor requires cash for the items and in the amount specified in the Debtor's cash flow projections attached hereto as Exhibit 3-B.

8. Debtor's bankruptcy estate will suffer immediate and irreparable harm if the debtor is unable to use cash collateral.

9. Debtor proposes to adequately protect the interests of the Associated Bank, the IRS, and the MNDOR, with post petition liens on its post petition accounts receivable, and inventory, to the extent of its actual use of the cash collateral, and such liens will have the same effect, dignity and priority as their respective pre-petition liens.

10. Debtor further proposes to adequately protect the interests of Associated Bank, the IRS, and the MNDOR, by continuing to carry insurance on the collateral, and by continuing its operations and generating replacement cash collateral.

11. Debtor will also pay the regularly scheduled payments to Associated Bank.

12. Debtor believes that the interests of the Associated Bank, the IRS, and the MNDOR are adequately protected because the value of the inventory and accounts receivable will increase as the Debtor continues to operate, and generate replacement cash collateral and to effectively reorganize its business affairs.

12. I declare that the foregoing is true and correct according to the best of my knowledge, information and belief.

Dated: February 5, 2010

Sue Joos, President
Joos Electric Co., Inc.

Secured Debts.

      A. Associated Bank                    $150,000.00

      B. Internal Revenue Service          125,000.00

      C. Minnesota Department of Revenue     95,000.00

Total of all secured debts claiming an interest in cash collateral     **$370,000.00**

**JOOS ELECTRIC CO., INC.**

**Exhibit 2, Description of collateral and values on date of filing and beginning of use of cash collateral and at end of cash collateral period**

**BKY. No.: 10-30684**

| Asset | Value as of Filing Date (Same as Beginning of Use of Cash Collateral (2/3/10) | Value as of End of 21 days (2/24/10) | Value as of End of Cash Cash Collateral Period (6/26/10) |
|---|---|---|---|
| **1. Current Assets:** | | | |
| Cash on Hand | $ 250.00 | $250.00 | $250.00 |
| Bank Accounts | 430.00 | 2,382.00 | 8,500.00 |
| Inventory | 90,000.00 | 90,000.00 | 90,000.00 |
| Net A/R | 450,000.00 | 515,000.00 | 525,000.00 |
| Total Current Assets | **$ 540,680** | **$ 607,632** | **$ 623,750** |

**2. Property and Equipment:**

| | | | |
|---|---|---|---|
| Office Equipment | $3,725.00 | $3,725.00 | 3,725.00 |
| Vans, Trailers, & Trenchers | 94,100.00 | 94,100.00 | 94,100.00 |
| Office Bldg. | 450,000.00 | 450,000.00 | 450,000.00 |
| **Total Property and Equipment** | **$547,825.00** | **$547,825.00** | **$547,825.00** |
| **Total Assets** | **$1,088,505.00** | **$1,155,457.00** | **$1,171,575.00** |

## JOOS ELECTRIC CO., INC.
### BKY. NO.: 10-30684
### EXHIBIT 3-A, STATEMENT OF PROJECTED CASH FLOWS
#### (Initial Period of Use of Cash Collateral)

|  | Feb. 3-10 | Feb. 11-18 | Feb 19-26 |  |
|---|---|---|---|---|
| **RECEIPTS:** |  |  |  |  |
| **Beginning Cash Balance** | 250.00 | 2,035.00 | 2,235.00 |  |
| **Cash Receipts** | 23,000.00 | 16,000.00 | 19,972.00 |  |
| **Total Cash Available** | **23,250.00** | **18,035.00** | **22,207.00** |  |
| **DISBURSEMENTS:** |  |  |  |  |
| **Van Repairs** |  |  | 1,000.00 |  |
| **Builders Group Ins.** | 1,780.00 |  |  |  |
| **Business Ins.** |  |  |  |  |
| **Fuel** | 750.00 | 750.00 | 750.00 |  |
| **Health Ins.** |  |  | 1,750.00 |  |
| **Associated Bank** |  | 1,500.00 | 1,000.00 |  |
| **Fleet Tools** | 1,900.00 |  |  |  |
| **Payroll** | 9,950.00 | 9,950.00 | 12,000.00 |  |
| **Owners Payroll** | 1,200.00 | 1,200.00 | 1,200.00 |  |
| **Material** | 2,500.00 | 1,500.00 | 1,500.00 |  |
| **Ford Motor Credit** | 2,235.00 |  |  |  |
| **Utilities** | 900.00 | 900.00 |  |  |
| **TOTAL EXPENSES** | **21,215.00** | **15,800.00** | **19,200.00** |  |
| **PROFIT/LOSS** | **2,035.00** | **2,235.00** | **3,007.00** |  |

|  | Feb 27-Mar 31 | April 1-30 | May 1-31 | Jun 1-26 |
|---|---|---|---|---|
| **RECEIPTS:** |  |  |  |  |
| **Beginning cash balance** | 3,077.00 | 4,012.00 | 7,247.00 | 8,482.00 |
| **Cash Receipts** | 85,000.00 | 89,000.00 | 105,000.00 | 115,000.00 |
| **Total Cash Available** | **88,077.00** | **93,012.00** | **112,247.00** | **123,482.00** |
| **EXPENSES:** |  |  |  |  |
| **Van Repairs** | 1,500.00 | 2,000.00 | 2,000.00 | 2,000.00 |
| **Business Group** | 800.00 | 1,000.00 | 1,000.00 | 1,000.00 |
| **Business Ins.** | 1,780.00 | 1,780.00 | 1,780.00 | 1,780.00 |
| **Fuel** | 3,000.00 | 3,000.00 | 3,000.00 | 3,500.00 |
| **Health Ins.** | 1,750.00 | 1,750.00 | 1,750.00 | 1,750.00 |
| **Associated Bank** | 2,500.00 | 3,500.00 | 3,500.00 | 3,500.00 |
| **Fleet Tools** | 1,900.00 | 1,900.00 | 1,900.00 | 1,900.00 |
| **Payroll** | 50,000.00 | 50,000.00 | 60,000.00 | 68,000.00 |
| **Owners Payroll** | 4,800.00 | 4,800.00 | 4,800.00 | 4,800.00 |
| **Material** | 12,000.00 | 12,000.00 | 20,000.00 | 23,000.00 |
| **Ford Credit** | 2,235.00 | 2,235.00 | 2,235.00 | 2,235.00 |
| **Utilities** | 1,800.00 | 1,800.00 | 1,800.00 | 1,800.00 |
| **Total Expenses** | **84,065.00** | **85,765.00** | **103,765.00** | **115,265.00** |
| **Profit/Loss** | **4,012.00** | **7,247.00** | **8,482.00** | **8,217.00** |

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

---

In re:                                          Bankruptcy Case No. 10-30684 (GFK)
                                                Chapter 11 Case

Joos Electric Co., Inc.,

                  Debtor.

---

**UNSWORN CERTIFICATE OF SERVICE**

---

     I, William A. Vincent, of William A. Vincent, P.A., 17736 Excelsior Boulevard, Minnetonka, MN 55345, declare under penalty of perjury that on the 5th day of February, 2010, a copy of the **Notice of Hearings Motions for Interim and Final Orders Authorizing Use of Cash Collateral, and for Expedited Hearing on Interim Order, Unsworn Declaration of Debtor, Memorandum of Law, and Proposed Interim Order,** was sent via e-notice by the U.S. Bankruptcy Court to the following:

U.S. Trustee                    ustpregion12mn.ecf@usdoj.gov

---

And that a copy of the same was sent by facsimile to the following:

Internal Revenue Service
Office of District Counsel              651-726-7360

Office of the Attorney General
Tax Division                           651-297-4077

Associated Bank                        651-306-1640

Executed on: February 5, 2010.

                                             */e/ William A. Vincent*
                                             William A. Vincent

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

---

In Re:  Joos Electric Co., Inc.,

            Debtor.

Bky. No. 10-30684 (GFK)
Chapter 11 case

---

## INTERIM ORDER AUTHORIZING THE USE OF CASH COLLATERAL

---

This matter came on for preliminary hearing on February 10, 2010, on  Debtor's Motion for Expedited Hearing for Interim and Final Orders Authorizing the Use of Cash Collateral. Appearances are as noted in the record. Based upon the pleadings, testimony and arguments of counsel,

**IT IS HEREBY ORDERED:**

1. Debtor's Motion for expedited relief is hereby granted;

2. Debtor's Motion to Use Cash Collateral is granted;

3. Debtor is authorized to use cash collateral, pending final hearing,  in the amounts and for the items set forth on Exhibit 3-A, attached to the Debtor's Declaration;

4. Associated Bank, the Internal Revenue Service, and the Minnesota Department of Revenue, are hereby granted replacement liens in cash collateral, having the same priority as such liens may have had pre-petition.

Dated:_____

                                      _____
                                        Gregory F. Kishel
                                        Judge,  United  States  Bankruptcy  Court